IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ELIEZER SIAS MENDOZA,     )
           )
   Petitioner,      )
           )
v.           )     Case No. CIV-26-333-D
           )
TODD M. LYONS, et al.,     )
           )
   Respondents.     )

## ORDER

Before the Court is Petitioner's Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief [Doc. No. 1]. Petitioner alleges that he legally entered the United States on a visitors' visa in September 2021, and has continually resided in the United States since. Petitioner was detained on January 1, 2026, and he has been in the custody of the U.S. Immigration and Customs Enforcement (ICE) since that time. He is currently housed at the Diamondback Correctional Facility in Watonga, Oklahoma.

This Court has recently addressed an increase of habeas petitioners asserting that their detention by ICE violates the Immigration and Naturalization Act, 8 U.S.C. § 1101 *et seq*. (INA). Those petitioners were being detained pursuant to the mandatory detention provision contained in § 1225(b)(2)(A), and the petitioners argued their detention should instead be governed by § 1226(a), which provides the noncitizen with the opportunity for a bond hearing. *See Hernandez v. Baltazar*, No. 1:25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025) (citation omitted).

1

However, in this case, the parties agree that Petitioner is being detained under § 1226(a) *and* that Petitioner is eligible for a bond hearing. [Doc. No. 12, at 1]. On March 16, 2026, counsel for Respondents emailed Petitioner's counsel to alert him that "if [Petitioner's counsel] filed a bond motion in immigration court, an individualized bond hearing will be set under INA [§] 236," and "[t]he only reason it has not been set is because [Petitioner] has not requested it." [Doc. No. 12-4, at 2]. In a follow-up email, Respondents' counsel again informed Petitioner's counsel that if a bond hearing were requested in immigration court, a bond hearing would be scheduled. *Id.* at 1. Petitioner's counsel responded: "Yes mom… bond will be forthcoming."[1] *Id.*

Due to Petitioner's failure to file a reply, the Court is not aware of whether Petitioner has since filed a request with the immigration court for a bond hearing under § 1226(a). However, because the parties agree that Petitioner is detained under § 1226(a) and is entitled to a bond hearing should Petitioner request one, the Court finds that Petitioner has not shown that his detention violates the INA or that he is otherwise entitled to habeas relief at this time. **IT IS THEREFORE ORDERED** that Petitioner's Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief [Doc. No. 1] is **DENIED**. A separate judgment shall be entered.

**IT IS SO ORDERED** this 8th  day of April, 2026.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[1] The Court cautions Petitioner's counsel that this Court expects all attorneys practicing in this district to be respectful toward opposing counsel.